IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP STRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-00509-N |
| ) | |
| VOLKSWAGEN GROUP OF ) | |
| AMERICA, INC, et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court *sua sponte* on review of the Complaint (Doc. 1). Upon review, the Court finds the Complaint to be deficient for the following reasons.

### I.   Subject Matter Jurisdiction

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

The Complaint alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction over the claims in this action.[1] Doc. 1 at 3, ¶ 9-10.

> When [a defendant removes a case to federal court, it] must allege facts that, if true, show federal subject matter jurisdiction over [its] case exists. *Taylor v. Appleton,* 30 F. 3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F. 3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F. 2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F. 3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. *See Goodman ex rel. Goodman v. Sipos*, 259 F. 3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F. 2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F. 3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party

---

[1] *See* FED. R. CIV. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

invoking federal jurisdiction . . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

The Plaintiff, as the party invoking this Court's jurisdiction, bears the initial burden of pleading sufficient facts establishing jurisdiction. The Plaintiff properly allege that § 1332(a)'s requisite amount in controversy is satisfied by claiming that damages sought are "in excess of $75,000 exclusive of interest and costs." Doc. 1 at 3, ¶ 10; 21,¶ 108(a). *See, e.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F. 3d 805, 807 (11th Cir. 2003) ("In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." (citing 28 U.S.C. § 1332)). They also properly allege the citizenships of corporate Defendant Volkswagen Group of America, Inc. (a citizen of New Jersey and Virginia (*see* Doc. 1 at 3, ¶ 12)), by alleging the states under whose laws it was incorporated and where it has its principal places of business. *See* 28 U.S.C. § 1332(c)(1). However, the Plaintiff failed to properly plead facts establishing the citizenships of itself and the foreign defendants.

      a.    **Natural-Person Defendants' Citizenship**

Plaintiff, a natural person, alleges that he is a "resident of the state of Alabama." Doc. 1 at 3, ¶ 11. The Eleventh Circuit has repeatedly stressed that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F. 3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also Travaglio*, 735 F. 3d at 1269 ("As we indicated in

---

[2] "In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F. 3d at 1268 n.1.

remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F. 3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F. 3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission . . . " (quotation marks omitted)); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship.").

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F. 3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). *See also Travaglio*, 735 F.3d at

1269 (" 'Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction.' And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . ' " (quoting *McCormick,* 293 F. 3d at 1257-58 (internal quotation marks omitted)) (internal citation omitted)); *Mas*, 489 F. 2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

As such, if Plaintiff wishes to adequately plead diversity, he must allege his own state of citizenship/domicile as a natural person.

### b. "AG" Party

Regarding Defendants Volkswagen AG and Audi AG, the Plaintiff alleges only that each of them is "a corporation created and existing pursuant to the laws of the nation of Germany." Doc. 1 at 4, ¶¶ 13, 14. This is not even nominally adequate for an American corporation, as no allegation is made about each entity's principal place of business. Moreover, Plaintiff has made no attempt to explain what the suffix "AG" means or to plead to the Court how it should be treated for purposes of diversity.

Generally, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . " 28 U.S.C § 1332 (c)(1). However, a court should not "assume[] that [a foreign state] has business entities that enjoy corporate status as the United States understands it[,]" as "not even the United Kingdom has a business form that is exactly equal to that of a corporation." *White*

5

*Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F. 3d 684, 686 (7th Cir. 2011). "Deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of § 1332 can be difficult. Businesses in other nations may have attributes that match only a subset of those that in the United States distinguish a 'corporation'—a business with indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features—from forms such as the limited liability company, the limited partnership, and the business trust." *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F. 3d 787, 788 (7th Cir. 2014) (Easterbrook, J.) (vacating district court's judgment and remanding with instructions to dismiss for want of subject-matter jurisdiction where, on appeal, the defendant business established under the law of China was found to be "closer to a limited liability company than to any other business structure in this nation," thus defeating diversity where both the plaintiff and a member of the defendant entity were citizens of Illinois) (internal citation omitted). *See also BouMatic*, 759 F.3d at 791 ("Classification of a foreign business entity can be difficult, because other nations may use subsets of the characteristics that distinguish corporations from other business entities in the United States." (internal citation omitted)).

"In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its

partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens*, 374 F. 3d at 1021. Thus, "the Court in *Carden* provided a general rule: every association of a common-law jurisdiction other than a corporation is to be treated like a partnership. That rule applies without regard to the corporation-like features or other business realities of the artificial entity." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F. 3d 1079, 1087 (11th Cir. 2010) (internal citation and quotations omitted). Moreover, "[i]f it is hard to determine whether a business entity from a common-law nation is equivalent to a 'corporation,' it can be even harder when the foreign nation follows the civil-law tradition." *White Pearl Inversiones*, 647 F.3d at 686 ("Uruguay has at least three forms of limited-liability businesses: sociedad anónima (S.A.), sociedad anónima financiera de inversión (S.A.F.I.), and sociedad responsabilidad limitada (S.R.L.). White Pearl did not say which kind it is, and its lawyers did not analyze whether that kind of business organization should be treated as a corporation . . . . They simply assumed that Uruguay has such a beast as a 'corporation' and that White Pearl is one. The lawyers for Cemusa made the same assumption.").

As such, if the Plaintiff wishes to adequately plead diversity, he must allege what kind of entity Defendants Volkswagen AG and Audi AG are—that is, whether each is a corporate or unincorporated entity. If they are to be treated as corporations, Plaintiff must allege "every State and foreign state by which [each]

has been incorporated and []the State or foreign state where it has its principal place of business . . . " § 1332(c)(1). If they are to be treated as unincorporated entities, Plaintiff must allege the citizenships of each of its members. *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004) (per curiam).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F. 2d 901, 903 n.1 (11th Cir. 1984). As such, the Plaintiff will be given an opportunity to file a supplementary notice of removal that properly alleges subject-matter jurisdiction.

## II.   Conclusion

Accordingly, Plaintiff is hereby **ORDERED** to file, no later than **Thursday, October 22, 2015**, a supplementary complaint that cures the defects specified in this Order.[3]

**DONE** and **ORDERED** this the 8th day of October 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In this District, "all [civil] pretrial proceedings" are referred to the Magistrate Judges, *inter alia*, in civil cases, including non-dispositive pretrial motions, and may be disposed of by Order. S.D. ALA. Gen. L.R. 72(a)(2)(S), 72(b). Amendment of pleadings is generally considered a non-dispositive pretrial matter. *See* 12 Charles Alan Wright *et al.*, FED. PRAC. & PROC. CIV. § 3068.1 (2d ed. 1997); 32 AM. JUR. 2d *Federal Courts* § 132.